IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEPHEN C. WALKER                                                                                      PLAINTIFF

VS.                                                             CIVIL ACTION NO. 5:06-CV-154-DCB-MTP

CONSTANCE REESE, ET AL.                                                                         DEFENDANTS

## ORDER

This matter is before the court on the plaintiff's re-urged motion for a court order allowing plaintiff to correspond with other federal prisoners for case-related reasons [81]. Having considered the submissions of the parties and the entire record in this matter, the court finds that the motion should be denied.

Plaintiff initially filed a motion for a court order allowing him to correspond with other federal prisoners for case-related reasons [65] on July 30, 2007. In that motion, plaintiff averred that he needed to secure declarations from certain prisoners who have knowledge of his case,[1] but that regulations of the Bureau of Prisons ("BOP") and the Texas Department of Criminal Justice ("TDCJ")[2] do not allow prisoners to write to other prisoners unless they are family members. However, respondents pointed out in their response to plaintiff's motion that, contrary to plaintiff's allegations, there are established procedures in place at both the BOP and the TDCJ

---

[1] In his rebuttal, plaintiff averred that these inmates "have specific information concerning my attempts at care and the plaintiffs [*sic*] continuous efforts raising the issues of staffing, policies, and the inadequate medical care." Plaintiff further avers that these inmates' declarations "will establish that the lack of medical care, policies, and procedures in place had not only caused harm to the plaintiff but to the inmate population as a whole thus not being a single isolated incident as the defendants want this court to believe...." *See* docket no. 70.

[2] Plaintiff is currently incarcerated in the Jordan Unit in Pampa, Texas, in the custody of the TDCJ.

that govern when inmates are allowed to correspond with other inmates.[3]  Accordingly, plaintiff's motion was denied by order dated October 11, 2007 [74], on the ground that plaintiff had not attempted to use the established procedures of the BOP or the TDCJ to correspond with the inmates identified in his motion.  The court determined that plaintiff first had to follow those procedures and attempt to resolve the matter with the BOP and TDCJ before requesting this court's intervention.

On November 5, 2007, plaintiff filed his re-urged motion.  In his motion, plaintiff argues that he attempted to resolve this matter with the Law Library Supervisor at the Jordan Unit, Mrs. MaryAnn Lamb, without success.  Specifically, plaintiff submitted an Inmate Request to Mrs. Lamb, who replied as follows:

> A Relevant Witness Affidavit shall apply to a witness in an active legal matter in which two offenders are involved. To qualify, the relevant witness will be required to provide a date of incident, in addition to submitting a completed "Verify" form to the unit Access to Court Supervisor.  If approved, an offender may not include other correspondence (such as Pleading or letters) when sending an affidavit.

*See* Exhibit 1 to plaintiff's re-urged motion.  Plaintiff then submitted another Inmate Request to Mrs. Lamb, in which he asked her to clarify whether "TDCJ policy allows an inmate to correspond with another inmate to help develop facts on a case."  Mrs. Lamb responded with a

---

[3] BOP policy specifically permits prisoners to correspond with inmates in "any other penal or correctional institution" if the other inmate is a witness in a legal action in which both inmates are involved" and also allows for inmate-to-inmate correspondence "in other exceptional circumstances."  28 C.F.R. § 540.17.  If one of the inmates is housed at a non-federal institution, or if approval is being granted on the basis of "exceptional circumstances," the warden at both institutions must approve the correspondence.  *See* 28 C.F.R. § 540.17(b)(2).  In addition, according to TDCJ Board Policy No. BP-03.91, an inmate may correspond with another inmate if, *inter alia*, he or she "is providing a relevant witness affidavit in a currently active legal matter."  *See* Exhibit 1 to respondents' response [69] to plaintiff's motion, p. 3.

sheet of definitions of "Offender," "Co-party," "Relevant Witness Affidavit" and "General Correspondent," and stated that unless plaintiff meets these qualifications, he will not be allowed to correspond with other inmates.  *See* Exhibit 2 to re-urged motion.   To this court's knowledge, plaintiff has not pressed the issue further with the TDCJ, nor has he presented the issue to the BOP.

The court agrees with respondents that plaintiff has failed to take all the necessary steps to resolve this issue with the TDCJ.  The TDCJ Board Policy provides that where inmate correspondence is rejected, the offender may appeal the rejection by sending a written notice of appeal to the Director's Review Committee ("DRC").[4]  *See* Exhibit 1 to respondents' response [69] to plaintiff's motion, p. 12.  Plaintiff has not demonstrated that he has followed this procedure.  Nor has plaintiff taken any steps whatsoever to address this issue with the BOP.  In addition, plaintiff had not indicated that he has taken any other steps to obtain this information - for example, by seeking assistance from family members or others outside of the prison who can contact these inmates on his behalf.  Thus, yet again, plaintiff's motion is premature.  Moreover, plaintiff has not demonstrated how the information he seeks to obtain from these other inmates is necessary or even relevant to his case.  Indeed, plaintiff has submitted a lengthy response [100] [101] to defendants' motion to dismiss or, in the alternative, motion for summary judgment [93], and also has filed his own motion for partial summary judgment [106], all without the benefit of this information.  Plaintiff has not indicated that he was in any way hampered by the lack of information.

---

[4] The DRC "is the body of appointed Agency administrators with the authority to hear all appeals related to rejected correspondence, publications, and placements on negative mailing lists."  *See* Exhibit 1 to respondents' response [69] to plaintiff's motion, p. 1.

In short, plaintiff has failed to demonstrate to this court - at least at this juncture - why it should intervene in what is essentially a prison administrative matter. Accordingly, plaintiff's motion should be denied.[5]

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's re-urged motion for a court order allowing plaintiff to correspond with other federal prisoners for case-related reasons [81] is denied.

SO ORDERED on this the 17th day of March, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[5] In addition, as respondents note, it is unclear whether this court would have any jurisdiction over the TDCJ. Nevertheless, as plaintiff's motion is premature and the issue could potentially be moot if plaintiff is successful through the TDCJ's appeal procedures, the court will not address the jurisdictional issue at this time.