IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEPHEN C. WALKER                                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO. 5:06CV154 DCB-MTP

CONSTANCE REESE, et al.                                                                       DEFENDANTS

## ORDER ON MOTIONS

THIS MATTER is before the court on various motions filed the plaintiff including plaintiff's second motion [113] for appointment of counsel, motion to delay ruling on summary judgment motions pending a ruling on the motion for appointment of counsel [116] and motions to require defendants to provide copies of certain unpublished authorities to plaintiff [110],[117]. The court having carefully considered the motions finds and orders as follows:

Motion for Appointment of Counsel [113]

The court has addressed this issue once before and, therefore, will not revisit it here at length.  See order [51].  The legal analysis applicable to such requests is well established.  A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988);  *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987);  *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985);  and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although there is no comprehensive definition of "exceptional circumstances," the existence of such circumstances will necessarily turn on two basic considerations:  (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  *See Freeze v.*

*Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Alain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feast v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulcer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

In his latest request for counsel, plaintiff suggests that this case involves complex issues and may involve conflicting testimony. Plaintiff's motions and briefs filed in connection with this matter clearly indicate that plaintiff has excellent communication and writing skills and is able to address and understand the issues in this matter. Indeed, plaintiff has filed his own motion for summary judgment and has inundated the court with pleadings and requests on an almost weekly basis. These pleadings are well-presented and establish that plaintiff is fully capable of addressing the issues in this matter.

Contrary to plaintiff's assertions and as set forth in the prior order [51], this matter need not be complex. Plaintiff basically alleges that he suffered an injury at a prison and that he received inadequate medical treatment following the injury. These claims and the attendant immunity issues they raise are common in *pro se* prisoner litigation. Plaintiff's desire to assert multiple claims, name numerous defendants, and pursue a vigorous motion practice in this matter has made the matter unduly voluminous and convoluted, but the issues raised are not unduly complicated.

In summary, there are no "exceptional circumstances" present as plaintiff easily possesses the ability to present the issues to the court and the matter is not unduly complicated. Accordingly, the court denies the motion to appoint counsel.

<u>Motion to Rule on Plaintiff's Renewed Motion for Appointment of Counsel Before Ruling on Summary Judgment Motions [116].</u>

This motion is granted as the court has this day denied the renewed motion for counsel as

set forth above.

<u>Motions for Copies of Unpublished Authorities [110], [117]</u>.

In these motions plaintiff requests that the defendants provide him with a copy of certain unpublished decisions cited in certain pleadings or briefs filed with the court. The defendants have responded [112] and have provided the requested authorities. Accordingly, these motions are moot.

SO ORDERED on this 17th day of April, 2008.

s/ Michael T. Parker
United States Magistrate Judge