```
              UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

STEPHEN C. WALKER                                         PLAINTIFF

VERSUS                           CIVIL ACTION NO. 5:06cv154-DCB-MTP

CONSTANCE REESE, ET AL.                                   DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the Report and Recommendation [**docket entry no. 120**] of United States Magistrate Judge Michael T. Parker that the plaintiff's Motion for Partial Summary Judgment [**docket entry no. 106**] be denied; that defendants' Motion for Summary Judgment [**docket entry no. 93**] be granted; that plaintiff's claims against defendant Holt be dismissed without prejudice for lack of jurisdiction; and that plaintiff's claims against the remaining defendants be dismissed with prejudice. Also before the Court are the plaintiff's Motion for Enlargement of Time to File Objections to the Magistrate Judge's Report and Recommendations [**docket entry no. 121**] and the plaintiff's Motion to Deny Immunity to Defendant Chambers or, in the alternative, to Substitute the United States in His Place [**docket entry no. 123**]. Having considered the Report and Recommendation and the plaintiff's Objections to Magistrate Judge's Report and Recommendation [**docket entry no. 122**], having conducted a de novo review of those portions of the Report and Recommendation to which the plaintiff has objected in light of applicable

statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

The Magistrate Judge's Report and Recommendation contains a thorough recitation of the facts of this case, so the Court will abbreviate the facts where appropriate.  Stephen C. Walker ("Walker"), the pro se plaintiff herein, is a former inmate of the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City").  The instant case arises out of a chemical burn Walker sustained while working with oven and grill cleaner in the Food Service Department ("FSD") at FCC Yazoo City and the subsequent treatment he received while at that facility.

Around 12:30 p.m. on January 8, 2006, the plaintiff's supervisor issued to him a chemical grill cleaner to use in his work area.  Approximately one hour later, the plaintiff reported to his immediate supervisor, Robert Gamble ("Gamble"), that the chemical had come into contact with his skin and that he was experiencing a burning sensation.  Gamble told the defendant to rinse the burned area with water..  Gamble then tried unsuccessfully to contact the institution's medical department. The plaintiff claims that he also reported the injury numerous times to defendant Craig Coil, former Food Service Administrator at FCC Yazoo City, who took no further action.

The plaintiff first received medical attention at approximately 3:30 p.m. when he was seen by Nurse Milton.  Nurse

2

Milton noted that the plaintiff had first, second and third degree burns on both arms and arranged for his transport to Kings Daughters Hospital in Yazoo City.  There, he received medication and instructions to follow up with a burn surgeon.

The plaintiff subsequently was examined at Central Mississippi Medical Center ("CMMC") in Jackson, Mississippi.  His discharge instructions were to treat the wounds daily with Silvadene creme.  He also was prescribed various pain medications.  Such instructions were noted by the FCC Yazoo City staff upon the plaintiff's return to the institution.  Following his examination at CMMC, the plaintiff received regular wound care at FCC Yazoo City over the next few months, until he was certified by Dr. Roberto Martinez as healed on June 13, 2006.

On November 17, 2006, Walker filed a pro se action in this Court against the following defendants: the United States; Constance Reese, Warden (in her individual and official capacities); Scott Fisher, Associate Warden (in his individual capacity); Dr. Anthony Chambers, Clinical Director (in his individual capacity); Mary Thomas, Health Service Administrator (in her individual capacity); Craig Coil, Food Service Administrator (in his individual capacity); and John and Jane Doe Defendants 1-5.  On October 11, 2007, the plaintiff filed his First Amended Complaint, adding as defendants Ray E. Holt, Regional Director of the Bureau of Prisons Southeastern Region (in his individual

capacity) and Bobby G. Raines, Operations Lieutenant (in his individual capacity).

In the plaintiff's complaint, he alleges delay of adequate medical treatment on the following dates (in addition to the initial delay in medical attention the day of the injury): February 16, 2006; February 21-21, 2006; March 4, 2006; and March 14-15, 2006.  His complaints of delay of medical treatment on each of these days pertain primarily to the unavailability either of adequate medical supplies and/or of medical staff.  Specifically, the plaintiff asserts claims against the individual defendants in their individual capacities  pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]  The plaintiff makes additional individual claims against defendants Reese, Fisher, Chambers and Thomas for maintaining a policy of depriving inmates of necessary medical care.  The Amended Complaint also includes claims against defendant Holt for maintaining a policy of inadequately staffing the prison facility, which the plaintiff claims significantly contributed to his deprivation of medical attention.  Additionally, the plaintiff makes a claim under the Federal Tort Claims Act ("FTCA"), seeking to attribute the acts of several of the individual defendants to the United States. Finally, the plaintiff seeks review under the

---

[1] A <u>Bivens</u> action brought against a federal actor is the equivalent of an action brought against a state actor under 42 U.S.C. § 1983. <u>Bivens</u>, 403 U.S. at 397.

Administrative Procedures Act of the actions of defendants Reese and the Federal Bureau of Prisons ("BOP").

On December 20, 2007, the defendants filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment. The plaintiff filed a Motion for Partial Summary Judgment on March 10, 2008. On August 13, 2008, United States Magistrate Judge Michael T. Parker issued a Report and Recommendation that the plaintiff's Motion for Partial Summary Judgment be denied; that defendants' Motion for Summary Judgment be granted; that plaintiff's claims against defendant Holt be dismissed without prejudice for lack of jurisdiction; and that plaintiff's claims against the remaining defendants be dismissed with prejudice. On September 3, 2008, the plaintiff filed his Objections to the Report and Recommendation.[2] The defendants filed their Reply to Plaintiff's Objections on September 23, 2008 [docket entry no. 127].

In his Objections to the Magistrate Judge's Report and Recommendation, the plaintiff raises seven main points of error. First, the plaintiff makes a broad assertion that the Magistrate

---

[2] The plaintiff's Objections to the Magistrate Judge's Report and Recommendation were due on August 27, 2008. On August 26, 2008, the plaintiff filed a Motion for Enlargement of Time to File Objections to the Magistrate Judge's Report and Recommendations, wherein he asked the Court to extend the deadline for filing his objections until August 29, 2008. The plaintiff then submitted his objections on September 3, 2008, before the Court ruled on the motion for additional time. The plaintiff's Motion for Enlargement of Time is granted, and the Court considers the plaintiff's Objections to the Magistrate Judge's Report & Recommendation timely.

Judge viewed the facts presented in the pleadings in the light most favorable to the defendants, rather than in the light most favorable to the plaintiff.  Additionally, he argues that the Magistrate Judge wrongly concluded: (2) that the Court lacks personal jurisdiction over defendant Holt; (3) that the plaintiff's FTCA claim is barred by the BOP's Inmate Accident Compensation ("IAC") procedures; (4) that defendants Reese, Fisher and Thomas neither were personally involved nor maintained unconstitutional policies as required to be held individually liable for any alleged injury; (5) that the plaintiff failed to establish that defendants Coil and Raines acted with deliberate indifference; (6) that defendant Chambers is statutorily immune from suit; and (7) that the defendants had not violated the facility's medical staffing policy.  The Court examines severally each of these allegations of error.

    First, the plaintiff claims that the Magistrate Judge failed to consider the facts in the light most favorable to the plaintiff in accordance with the summary judgment standard.  The plaintiff's argument, however, fails to provide any basis for its allegation that the Magistrate Judge failed to consider certain evidence or improperly considered any facts.  Rather, the plaintiff merely makes a blanket assertion that the judge "viewed [the evidence] most favorable to the defendants." (Pl.'s Obj. to Rep. and Rec. at 2.)  Since the plaintiff has not provided any support for his

6

argument that the Magistrate Judge did not properly consider the evidence in the light most favorable to the plaintiff, the Court finds the assertion of error to be without merit.

Second, the plaintiff takes issue with the Magistrate Judge's determination that the Court lacks personal jurisdiction over defendant Holt.  Defendant Holt is the Regional Director of the Southeast Region of the Bureau of Prisons, and he works in Atlanta, Georgia.  The plaintiff has identified only three instances of Holt's contact with the state of Mississippi - that he came to the state to conduct a program review, that he had personal conversations with FCC Yazoo City staff about the facility conditions, and that he personally responded to a grievance letter that the plaintiff submitted.

The Court looks first to Mississippi's long-arm statute to determine whether the Court may exercise personal jurisdiction over defendant Holt.  <u>Guidry v. U.S. Tobacco Co.</u>, 188 F.3d 619, 624 (5th Cir. 1999).  Mississippi's long-arm statute provides that "[a]ny nonresident person ... who shall do any business or perform any character of work or service in this state, shall ... be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state." MISS. CODE ANN. § 13-3-57.  Since defendant Holt performed some limited aspects of his work in Mississippi, the Court concludes that personal jurisdiction is proper under Mississippi's long-arm statute.

However, personal jurisdiction also must be consistent with the Due Process Clause of the United States Constitution. <u>Nuovo Pignone v. Storman Asia M/V</u>, 310 F.3d 374, 378 (5th Cir. 2002) (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985)). The test for whether the exercise of personal jurisdiction comports with the Due Process Clause has three parts:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

<u>Id</u>.  The Court agrees with the Magistrate Judge that defendant Holt's limited contacts with Mississippi, all undertaken in his official capacity, are insufficient to subject him to personal jurisdiction here.  In his objections, the plaintiff makes no claim of additional contacts between defendant Holt and Mississippi to support a different conclusion.

Third, the plaintiff objects to the Magistrate Judge's conclusion that his FTCA claim against the United States is barred by the BOP's Inmate Accident Compensation ("IAC") procedures, which provide the exclusive remedy for on-the-job injuries.  The IAC procedures "govern the payment of accident compensation, necessitated as the result of work-related injuries, to federal prison inmates or their dependents."  28 C.F.R. § 301.319.  The plaintiff falls within the group of claimants governed by the IAC.

Furthermore, 28 C.F.R. § 301.309 provides that "[i]nmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act." See also United States v. Demko, 385 U.S. 149 (1966). As a result, the Court agrees with the Magistrate Judge's conclusion that the plaintiff's FTCA claim is barred.

Fourth, the plaintiff argues that the Magistrate Judge improperly concluded that defendants Reese, Fisher and Thomas neither had sufficient personal involvement nor maintained unconstitutional policies as required to be held individually liable for any alleged injury. The Report and Recommendation correctly recognizes that respondeat superior is unavailable in a Bivens action. Cronn v. Burrington, 150 F.3d 538, 544 (5th Cir. 1998). Therefore, in order to establish individual liability for these prison officials, the plaintiff would have to show either (1) personal involvement in the alleged wrongful acts or (2) that these defendants implemented a policy that resulted in deprivation of Walker's constitutional rights. Id. The plaintiff has not alleged that either Reese, Fisher or Thomas was personally involved in the delay of medical care to him. Rather, the plaintiff claims that these defendants maintained an unconstitutional policy of failing to staff the medical clinic when it was scheduled to be open, such policy constituting deliberate indifference to his serious medical need.

The Magistrate Judge appropriately addressed the plaintiff's allegations of unconstitutional policies and practices by these defendants.  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  The record reflects that defendants Reese, Fisher and Thomas may have been aware of staffing issues in the medical department.  However, equally apparent in the evidence is the fact that these defendants took extensive measures to rectify any staffing issues.  Therefore, defendants Reese, Fisher and Thomas did not act with deliberate indifference, as they took measures to abate the risk to the plaintiff.

Furthermore, the plaintiff has alleged that his receipt of medical treatment was delayed, not denied. "The mere delay of medical care can also constitute an Eighth Amendment violation but only 'if there has been deliberate indifference [that] results in *substantial harm*.'"  Id. (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)) (alteration in original) (emphasis added). The plaintiff has not offered evidence that the short-term delay in his bandages being changed has resulted in any significant, long-term harm.  In fact, the plaintiff's medical records indicate that he received regular treatment for his injuries.  As such, the Court agrees that the claims against defendants Reese, Thomas and Fisher

should be dismissed.

Fifth, the plaintiff objects to the Magistrate Judge's conclusion that the plaintiff failed to show that defendants Coil and Raines acted with the deliberate indifference required to hold them individually liable. Walker contends that both Coil's and Raines' deliberate indifference is apparent, as both were made aware that he was in severe need of medical attention and chose to ignore his need. However, as the Magistrate Judge correctly recognized, the record does not support these allegations. Further, even assuming the plaintiff has provided sufficient evidence to support his allegations of deliberate indifference, the plaintiff again has failed to make any showing of substantial harm. Accordingly, the plaintiff's claims against defendants Coil and Raines should be dismissed.

Sixth, plaintiff claims error in the Magistrate Judge's determination that defendant Anthony Chambers is statutorily immune from suit. Specifically, the plaintiff argues that the defendant was not acting within the scope of this employment, one of the requirements for statutory immunity. The Court finds this argument to be without merit. Each encounter the plaintiff had with defendant Chambers occurred while Chambers was acting in his official capacity as a BOP doctor.

The plaintiff argues alternatively that, if the Court determines Chambers is statutorily immune, the United States should

11

be substituted as a party.  This request is unnecessary, as the United States already is a named defendant in this action.[3]

Seventh, the plaintiff argues that the Magistrate Judge did not address his claim that defendants Reese, Chambers, Fisher and Thomas acted unconstitutionally by failing to staff the medical clinic during the hours required by FCC Yazoo City policy.  This argument also is without merit.  The Magistrate Judge correctly noted that, even if the defendants failed to follow BOP program statements, that such failure alone does not rise to the level of a constitutional violation.  (R&R at 25.)

After a de novo review of the portions of the Report and Recommendation to which the plaintiff has objected, the Court is unable to find any error.  The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.  Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [**docket entry no. 120**] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Objections [**docket entry no. 122**] to the Report and Recommendation are **OVERRULED**.

---

[3] The plaintiff has also filed a Motion to Deny Immunity to Defendant Chambers or In the Alternative to Substitute the United States in His Place [**docket entry no. 123**].  Since the Court concludes that defendant Chambers is entitled to statutory immunity and since the United States already is a party, the plaintiff's motion shall be denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Enlargement of Time to File Objections to the Magistrate Judge's Report and Recommendations [**docket entry no. 121**] is **GRANTED** and that plaintiff's Motion to Deny Immunity to Defendant Chambers or, In the Alternative, to Substitute the United States in His Place [**docket entry no. 123**] is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Partial Summary Judgment [**docket entry no. 106**] is **DENIED**, that defendants' Motion for Summary Judgment [**docket entry no. 93**] is **GRANTED**, that plaintiff's claims against defendant Holt are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and that plaintiff's claims against the remaining defendants are **DISMISSED WITH PREJUDICE.**

A separate final judgment in compliance with Rule 58 of the Federal Rules of Civil Procedure shall be entered, dismissing this action with prejudice.

**SO ORDERED**, this the 25th day of September 2008.

                        s/ David Bramlette

                        **UNITED STATES DISTRICT JUDGE**